**KATHY A. DOCKERY**
**CHAPTER 13 TRUSTEE**
**700 S. FLOWER ST., SUITE 1950**
**LOS ANGELES, CA 90017**
**PHONE: (213) 996-4400**
**FAX: (213) 996-4426**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

IN RE:

**JOSE SANTOS ASEBEDO**
**OBDULIA R ASEBEDO**



DEBTOR(S).

Case No: LA10-12722-AA

CHAPTER 13

**TRUSTEE'S OBJECTIONS TO PLAN CONFIRMATION; DECLARATION IN SUPPORT THEREOF; AND NOTICE RE: EFFECT OF FAILURE TO APPEAR AT CONFIRMATION HEARING**

DATE:        April 8, 2010
TIME:        10:30 am
PLACE:      ROYBAL BUILDING
                  255 EAST TEMPLE STREET
                  Courtroom 1375 - 13th Floor
                  LOS ANGELES, CA 90012

TO THE HONORABLE  ALAN M. AHART,  UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND ALL PARTIES IN INTEREST:

The Chapter 13 Standing Trustee (the "Trustee") hereby objects to confirmation of the plan in that the Debtor(s) has failed to meet all of the mandatory requirements set forth under 11 U.S.C. §1325.  The Trustee's Objections are set forth in detail in Exhibit "A" of the attached Declaration in Support of the Trustee's Objections to Confirmation.  The Objections are based on information as known to the Trustee as of the §341(a) Meeting of Creditors (The "Meeting").  The Trustee reserves the right to raise additional objections.

Unless otherwise specified at the Meeting, the Trustee requests that the debtor(s) provide any new or amended documents no later than five days after the Meeting.  Pursuant to 11 U.S.C. §521(3), the debtor(s) is required to cooperate with the Trustee.

**THE FAILURE OF THE DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S), TO APPEAR AT THE CONFIRMATION HEARING IS CAUSE FOR DISMISSAL OR CONVERSION OF THE CASE UNLESS**

**THE DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S) IS EXCUSED BY THE TRUSTEE OR BY A COURT ORDER PURSUANT TO L.B.R. 3015-1(d).**

**THE DEBTOR(S) AND ATTORNEY FOR DEBTOR(S), IF ANY, ARE ALSO ADVISED THAT THE CASE MAY BE DISMISSED OR CONVERTED AT THE CONFIRMATION HEARING IF ALL PLAN PAYMENTS AND THE DECLARATION SETTING FORTH POST-PETITION PRECONFIRMATION DEED OF TRUST PAYMENTS (OFFICIAL FORM F3015-1.4) ARE NOT TENDERED TO THE TRUSTEE PRIOR TO THE DULY NOTICED HEARING TIME.**

WHEREFORE, the Standing Trustee respectfully requests that confirmation of the plan be denied.

DATED: 3/4/10

_____
KATHY A. DOCKERY, Chapter 13 Trustee

**DECLARATION OF KATHY A. DOCKERY**

I, Kathy A. Dockery, declare as follows:

1.  I am the standing Chapter 13 Trustee in this matter and by virtue thereof, I have personal knowledge of files and records kept by my office in the regular course of business.  I have personally reviewed the files and records kept by my office in the within case.  The following facts are true and correct and within my own personal knowledge and I could and would testify competently thereto if called to do so.

2.  The Trustee objects to confirmation of the proposed Plan due to the following deficiencies all of which existed prior to or at the time of the §341(a) Meeting(s) held in this matter.  A true and correct copy of the Trustee's Objections in this matter is attached hereto and incorporated herein by reference as Exhibit "A".

3.  The Debtor(s) is requested to provide the documents and information set forth in Exhibit "A".

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 3/4/10

_____
KATHY A. DOCKERY,  Chapter 13 Trustee

## EXHIBIT A

## Trustee Objections

**If the debtor(s) fails to produce the documents and resolve the issues set forth in this trustee's objection to confirmation, the trustee may recommend dismissal or conversion of the case for cause and unreasonable delay that is prejudicial to creditors.** See 11 U.S.C. §§1307(c) and 1307(c) (1). **The debtor(s) is requested to email PDF copies of all responsive documents to confirmation@ch13la.com at least 7 days prior to the confirmation hearing.**

### BANKRUPTCY PAYMENTS DUE AT CONFIRMATION

**Bankruptcy Payments due at confirmation must be mailed to the Trustee's lockbox prior to the confirmation hearing. The Debtor or Attorney must present the Plan Payment Declaration with an attached copy of the bankruptcy payment and a certified proof of mailing at the confirmation hearing. The Trustee's lockbox address is as follows:**

**Chapter 13 Trustee**
**P.O. Box 691**
**Memphis, TN 38101-0691**

**If you do not have evidence that your bankruptcy payments are current, your case may be dismissed at the confirmation hearing.**

*Other issues may arise at or before confirmation requiring additional action or information by the debtor and debtor's counsel.*

| No. | OBJECTION | Amendment or Documentation Requested |
|---|---|---|
| **The Plan** | | |
| 1. | The proposed Plan is infeasible due to the proof of income calculation.  11 U.S.C. § 1325(a)(6). | **I, Recent Paystubs for Co-debtor** |
| 2. | If the proposed Plan provides for less than a 100% dividend to class five creditors, the Debtor(s) is required to turn over all income tax refunds to the Trustee during the first three years of the Plan. | **Plan** |
| 3. | The proposed plan is infeasible due to the current mortgage payment of $5,100.00.  The $2,995.00 mortgage expense is the amount the Debtors desire to reduce the mortgage payment to based  on the proposed loan modification. | **Plan** |
| **Income (Schedule I)** | | |
| 4. | The Debtor(s) is requested to provide a copy of the 2008 and 2007 Federal Income Tax Returns.  The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4).  The Debtor has the burden of proof for plan confirmation.  See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **2008 Tax Return** **2007 Tax Return** |
| **Miscellaneous Objections** | | |
| 5. | If the Debtor(s) intends to modify a mortgage which encumbers the Debtor's real property or is in the process of completing a loan modification for a mortgage which encumbers the Debtor's real property, the Debtor(s) shall obtain court authorization prior to completing the loan modification. | **Court Authorization** |
| 6. | The Debtor's Attorney is requested to provide their business email address to facilitate the administration of this case. | **Email Address** |

JOSE SANTOS ASEBEDO
LA10-12722-AA
3/3/2010 10:50:09 AM

| 7. | The Debtor is requested to provide a voided check from their personal checking account to facilitate monthly, electronic plan payment deductions from the checking account. | **Voided Check** |
|---|---|---|

JOSE SANTOS ASEBEDO
LA10-12722-AA
3/3/2010 10:50:09 AM

## PROOF OF SERVICE BY U.S. MAIL

     I, Perlita Gozun, declare as follows:

I am employed in the County of Los Angeles, State of California.  My business address is 700 S. Flower Street, Suite 1950, Los Angeles, California 90017.  I am over the age of eighteen and not a party to this case.  On 3/4/10, I served the "**TRUSTEE'S OBJECTIONS TO PLAN CONFIRMATION; DECLARATION IN SUPPORT THEREOF; AND NOTICE RE: EFFECT OF FAILURE TO APPEAR AT CONFIRMATION HEARING**" by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at Los Angeles, California addressed as follows:

[See Service list]

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and executed at Los Angeles, California.

DATED: 3/4/10

_____

Perlita Gozun

### Service List

| | |
|---|---|
| JOSE SANTOS ASEBEDO | L BISHOP AUSTIN & ASSOCIATES |
| OBDULIA R ASEBEDO | 3250 WILSHIRE BLVD |
| 11732 RANCHITO ST | SUITE 1500 |
| EL MONTE, CA 91732 | LOS ANGELES, CA 90010 |